**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

DONALD THOMAS MAZIARZ,     \*

    Petitioner,     \*

v.     Case No.: GJH-18-3729

    \*

WARDEN CASEY CAMPBELL, *et al.*,

    \*

    Defendants.

    \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Petitioner Donald Thomas Maziarz, an inmate at the Jessup Correctional Institution in Jessup, Maryland, has filed this Petition for a Writ of Habeas Corpus attacking his 1984 convictions for murder and rape. ECF Nos. 1, 3. No hearing is necessary. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, Rule 8(a); *see also* 28 U.S.C. §2254(e)(2). For the following reasons, the Petition is denied and dismissed.

**I.    BACKGROUND**

In November 1983, after a bench trial in the Circuit Court for Prince George's County, Maryland ("State Court"), Mr. Maziarz was convicted of two counts of first-degree rape and one count each of first-degree murder, robbery, and arson. ECF No. 5-1 at 12.[1] Mr. Maziarz was sentenced to death for the murder charge, and he received a consecutive life sentence for one rape count, a concurrent life sentence for the other rape count, and a ten-year consecutive sentence for the robbery count. *Maziarz v. State*, 302 Md. 1, 3 (1984). There was no separate

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

sentence for the arson count. *Id.* Mr. Maziarz noted a timely appeal, and on December 21, 1984, the Court affirmed the convictions but vacated the death sentence. *Id.* at 5–7. The matter was remanded for resentencing. *Id.* On June 11, 1985, the trial court resentenced Mr. Maziarz to life imprisonment for the first-degree murder count. ECF No. 15-1 at 5, 12. Mr. Maziarz did not file a further appeal. *Id.*

Mr. Maziarz initiated post-conviction proceedings in the State Court on April 23, 1997. ECF No. 5-1 at 6. His petition for post-conviction relief was denied, without a hearing, on May 7, 1997. *Id.* Mr. Maziarz filed a second petition for post-conviction relief in the State Court on September 5, 1997. *Id.* On October 18, 1999, Mr. Maziarz filed an amended petition, and a hearing on the amended petition was held the same day. *Id.* at 9. The State Court denied relief on November 22, 1999. *Id.* at 9–10. Mr. Maziarz did not file an application for leave to appeal that ruling. *Id.*

On December 28, 1999, Mr. Maziarz filed a motion for reduction or modification of sentence in the State Court. ECF No. 5-1 at 10. The motion was denied on March 27, 2000. *Id.* Mr. Maziarz did not note an appeal. *Id.*

On April 13, 2009, Mr. Maziarz filed a petition to reopen the post-conviction proceedings in State Court. ECF No. 5-1 at 10. The State Court denied the request on June 16, 2010. *Id.* Mr. Maziarz did not seek leave to appeal. *Id.*

Mr. Maziarz filed a petition for writ of habeas corpus in the State Court on July 24, 2018; it was denied on August 31, 2018. ECF 5-1 at 10–11.

Mr. Maziarz filed his Petition for a Writ of Habeas Corpus in this Court on November 30, 2018.[2] ECF No. 1-7. In the Petition, Mr. Maziarz contends that: (1) his indictment was invalid,

---

[2] The Petition was received on December 3, 2018, but the envelope is postmarked November 30, 2018 by prison mail administrators and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

so it failed to confer jurisdiction upon the trial court; (2) his sentences were illegal because the trial court lacked jurisdiction; and (3) his counsel, at every stage of the proceedings, rendered ineffective assistance by failing to assert the invalidity of the indictment. ECF No. 1 at 5–6.[3]

On March 18, 2019, pursuant to the Court's Order, Respondents filed a limited Answer, arguing, among other things, that the Petition is time-barred and should be dismissed on that basis. ECF No. 5. On March 19, 2019, the Court granted Mr. Maziarz twenty-eight days to file a response addressing the timeliness issue. ECF No. 6. The Court received Mr. Maziarz's response on April 8, 2019. ECF No. 7.

## II. DISCUSSION

Respondents contend that the Petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and therefore must be dismissed. In opposition, Mr. Maziarz asks the Court to consider his claims regardless of timeliness, indicating his general lack of knowledge of the law and his inability to obtain assistance in pursuing his claims.

### A. Timeliness

Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

---

[3] Mr. Maziarz labeled his Petition as filed pursuant to 28 U.S.C. § 2241. ECF No. 1 at 1. "[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Challenges to administrative rules, decisions, and procedures applied to a state sentence are challenges to the execution of a sentence and must be raised in a § 2254 petition. Accordingly, this Petition is treated as an application under § 2254.

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1); *see also Wall v. Kholi*, 562 U.S. 545, 550 (2011).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Mr. Maziarz's convictions became final before AEDPA's enactment. As such, the one-year limitations period under § 2244(d)(1) did not begin to run until AEDPA's effective date—April 24, 1996—and absent any statutory tolling, it would have expired one year later on April 24, 1997. *See Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000). Mr. Maziarz filed his initial petition for post-conviction relief in the State Court on April 23, 1997, the day before his one-year limitations period would have expired, thus tolling the limitations period with one day left to spare. *See* 28 U.S.C. § 2244(d)(2). Mr. Maziarz's petition was denied on May 7, 1997, and the limitations period began to run again and expired the following day. Mr. Maziarz did not refile his petition for post-conviction relief in the State Court until September 5, 1997, after the limitations period had already expired, so that filing could not toll the limitations period any

4

further. Mr. Maziarz did not file his Petition in this Court until November 30, 2018, long after the limitations period had expired, so that Petition is untimely.

Mr. Maziarz characterizes his arguments regarding the validity of his indictment as "newly discovered evidence." Under § 2244(d)(1)(D), the limitations period may begin to run for newly discovered evidence "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal significance." *Hasa v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). "Conclusions drawn from preexisting facts, even if the conclusions are new, are not factual predicates for a claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012). The facts upon which Mr. Maziarz relies to support his claim that the indictment was defective were known to Mr. Maziarz and available to him from the onset of his state prosecution, and he fails to explain when he became aware of the issue with his indictment or why he was unable to discover the alleged defects at an earlier time. Thus, he cannot invoke § 2244(d)(1)(D) as the triggering provision for the timing of these proceedings. Mr. Maziarz also fails to suggest, and the Court cannot identify, any alternative reading of 28 U.S.C. § 2244(d)(l)(A)–(D) that would permit filing at this juncture.

**B. Equitable Tolling**

Mr. Maziarz offers no specific arguments in favor of equitable tolling. ECF No. 7. The Fourth Circuit has consistently held that a party seeking equitable tolling must show that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Further, to be entitled to equitable tolling, a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted); *see also Harris*, 209

5

F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Moreover, Mr. Maziarz's lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* (stating that the petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"); *see also Rouse*, 339 F.3d at 246; *Harris*, 209 F.3d at 330. Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted), the Court cannot find that Mr. Maziarz acted with reasonable diligence. The statute of limitations began to run upon the enactment of AEDPA on April 23, 1996. Mr. Maziarz did not file his Petition in this Court until November 30, 2018, over twenty-two years later. The Court concludes that Mr. Maziarz is not entitled to equitable tolling. Accordingly, the Petition is time-barred.

### C. Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) (internal quotations omitted). When, as here, a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Maziarz fails to satisfy this standard, the Court declines to issue a certificate of appealability.[4]

## III. CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is denied and dismissed. A separate Order shall issue.

Date: October 21, 2019

/s/
GEORGE J. HAZEL
United States District Judge

---

[4] Mr. Maziarz may still request that the Fourth Circuit issue a certificate of appealability. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).